The STATE of Ohio, Appellee,

v.

HILBERT, Appellant.

[Cite as *State v. Hilbert* (2001), 145 Ohio App.3d 824.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79344.

Decided Sept. 10, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

*Ticktin, Baron, Koepper & Co.* and *Russell Z. Baron,* for appellant.

GREY, Judge.

This is an appeal from the Cuyahoga County Court of Common Pleas. Appellant Jose Hilbert was charged in 1995 with aggravated arson for burning a cross in front of his apartment building. The charge was reduced to a misdemeanor, criminal mischief, and appellant pleaded guilty. On November 17, 2000, appellant filed a motion to expunge the conviction pursuant to R.C. 2953.32. The trial court denied the motion following a hearing. Hilbert now takes this appeal and designates one assignment of error:

"Assignment of Error 1: As a matter of law, the trial court erred by denying the appellant's motion to expunge."

The facts in this case are not in dispute. Hilbert, a black man, moved his family to a predominantly white neighborhood. He felt that he was being harassed and that his complaints to the authorities such as the local councilman and to the NAACP were being ignored. In frustration, he made a cross about two feet square, erected it on the lawn in front of his apartment building, and set it on fire. At the expungement hearing, Hilbert admitted, "Your honor, what I did was stupid and what I did was wrong, and I know that."

The procedure to be followed in an expungement under R.C. 2953.32(B) is very explicitly set out in the statute, but the standards for granting or denying the motion are not as clear or precise. Procedurally, paragraph (C)(1) of the statute provides:

"The court shall do each of the following:

"(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;

"(b) Determine whether criminal proceedings are pending against the applicant;

"(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

"(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.

If none of those matters is determined adverse to the applicant, then pursuant to R.C. 2953.32(C)(2) the court "shall order all official records pertaining to the case sealed."

The opinion by the Second District in *Dayton v. Sheibenberger* (1996), 115 Ohio App.3d 529, 685 N.E.2d 841, discusses the history of expungement. *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303, dealt with judicial, as opposed to statutory, expungement and noted the importance of maintaining public records about criminal convictions. The legislature enacted a statutory scheme for expungement that was to be for first offenders, but as noted in *Sheibenberger, supra*, at 533, 685 N.E.2d 841:

"R.C. 2953.31, which defines the term 'first offender,' was amended in 1984. Prior to 1984, it defined a ' "first offender" as anyone who had not been convicted of any offense. * * *' (Emphasis added.) *State v. Yackley* (1989), 43 Ohio St.3d 181, 182, 539 N.E.2d 1118, 1119–1120. The legislature apparently decided to amend that definition of a 'first offender' because its application in certain situations had unfair consequences. See, *e.g., Chillicothe v. Herron* (1982), 3 Ohio App.3d 468, 469, 3 OBR 549, 445 N.E.2d 1171, 1172–1173. Courts, prior to that amendment, felt constrained by the definition of a 'first offender' and applied it as it was written. The courts construed the words 'any offense' literally to mean any and all offenses including minor traffic offenses. This created unjust results because relatively minor convictions, such as speeding violations, operated to bar the sealing of conviction records.

"To correct this inequity in the former statute, the legislature specifically delineated in its amended definition of 'first offender' those minor traffic offenses which would not bar the sealing of records and those more serious traffic violations which would bar the sealing of records."

The Supreme Court seemed to treat the amendment as an expression of legislative will that the *Pepper Pike v. Doe* standard no longer be the controlling

test because the revised version of the statute "places a greater emphasis on the individual's interest in having the record sealed." *State v. Bissantz* (1988), 40 Ohio St.3d 112, 532 N.E.2d 126. Instead, there should be a balancing test, which is best described in Chief Justice Moyer's partial dissent in *State v. Greene* (1991), 61 Ohio St.3d 137, 573 N.E.2d 110:

"This emphasis [in *Pepper Pike v. Doe*] on the public's need to know was not misplaced and it should be supported by this court. R.C. 2953.32(C)(1)(e) and (2) mandate a weighing of the 'interests of the applicant' for expungement against 'any legitimate governmental needs to maintain such records.' * * * After having been amended in 1984, R.C. 2953.32 now provides for a 'greater emphasis on the individual's interest in having the record sealed.' *State v. Bissantz* (1988), 40 Ohio St.3d 112, 114, 532 N.E.2d 126, 128. Nevertheless, the public's need to know is a relevant, legitimate governmental need under the statute."

In a more recent pronouncement, in *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 716 N.E.2d 204, the court included one other consideration when it held at 622, 716 N.E.2d 204:

"In addition, the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes. R.C. 1.11; *Barker v. State* (1980), 62 Ohio St.2d 35, 16 O.O.3d 22, 402 N.E.2d 550."

■ Thus, to summarize, the standard to be applied in an expungement case under R.C. 2953.32 is: The court must weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungements.

With that standard in mind, we turn to a review of the action of the trial court in this case to determine whether the trial court abused its discretion in denying expungement. We find that it did.

■ The legislature which is closer to the people recognized that people make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness. Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves.

■ The appellee's objection as raised at the hearing was to the nature of the crime, the burning of a cross. To be sure such an act carries with it tremendous symbolism and in most cases is a violent form of ethnic intimidation. There is a great public interest in maintaining records so that the public might know who

828

has done such things. In this case, however, it was not such an act but an attempt by Hilbert to draw attention to his plight.

Hilbert did commit a misdemeanor, regrets it, and has a substantial personal interest in having all this put behind him. We agree with his characterization of it as "stupid." Indeed, we might suggest that one of the criteria for expungement be just how stupid the criminal act was because we all do stupid things and later regret them.

R.C. 2953.31 and 2953.32 are to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so. In *Thornton v. Thornton* (1990), 70 Ohio App.3d 317, 321, 590 N.E.2d 1375, the court, citing *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248, described abuse of discretion in the following terms:

"An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations."

Although we are hampered in this case because the trial court's entry simply denied the motion to expunge without giving any reasons therefor, we believe that in light of all the facts in this case, the trial court abused its discretion in failing to carry out the clear legislative intent in enacting R.C. 2953.31 and 2953.32.

The judgment of the trial court is reversed. Pursuant to App. R. 12(B), this case is remanded to the trial court with the direction to grant the motion to expunge.

*Judgment affirmed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.