OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Fairfield County Municipal Court that granted Appellee Charles Lowrey's motion for expungement. The following facts give rise to this appeal.
 {¶ 2} On February 5, 2000, Kathy Lowrey, appellant's spouse, contacted the Fairfield County Sheriff's Department regarding domestic violence committed against her by appellant. Thereafter, the state charged appellant with one count of domestic violence. On April 18, 2000, appellant entered a plea of no contest, with a stipulation of facts sufficient for a finding of guilt, to the reduced charge of unlawful restraint.
 {¶ 3} Subsequently, on June 29, 2001, appellant filed a motion for expungement. The trial court denied appellant's request. It was later determined that appellant's motion was premature as he did not wait until the expiration of one year from the date of termination of probation. However, after the expiration of this time period, appellant filed another motion for expungement on April 19, 2002. The trial court conducted a hearing and granted appellant's request on August 7, 2002. The state appeals and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. The Trial Court Abused Its Discretion Vested In It By R.C. § 2953.32 In Granting Defendant's Application For Expungement Of His 2000 Unlawful Restraint Conviction.
 {¶ 5} "II. The Trial Court Erred In Granting Defendant's Application For Expungement Because The Defendant Has Not Been Rehabilitated Pursuant To § 2953.32.
 {¶ 6} "III. The Trial Court Erred In Granting Defendant's Application For Expungement Because The Defendant's Interest Does Not Outweigh The Legitimate Need Of The Government To Maintain Those Records."
 I {¶ 7} In its First Assignment of Error, the state maintains the trial court abused its discretion when it granted appellee's application for expungement of his conviction for unlawful restraint. We agree.
 {¶ 8} R.C. 2953.32(C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. This portion of the statute provides as follows:
 {¶ 9} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *
 {¶ 10} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 11} "(c) If the applicant is a first offender * * *, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 12} "(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 13} "(e) Weigh the interest of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
 {¶ 14} If none of the above elements are determined adverse to the applicant, pursuant to R.C. 2953.32(C)(2), the court "shall order all official records pertaining to the case sealed." In State ex rel. Gainsv. Rossi, 86 Ohio St.3d 620, 622, 1999-Ohio-213, the Ohio Supreme Court stated that "[i]n addition, the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes." Thus, the standard to be applied in an expungement case, pursuant to R.C. 2953.32, requires "[t]he court * * * [to] weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungement." State v. Hilbert (2001), 145 Ohio App.3d 824, 827. Because R.C. 2953.31 and 2953.32 are to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so. Id. at 828.
 {¶ 15} It is based upon this standard that we review the state's assignments of error. The state argues, in its First Assignment of Error, the trial court abused its discretion when it determined, according to the plea agreement, that the state would not oppose an application for expungement. In reaching this conclusion, the trial court relied upon the following language contained in the plea agreement:
 {¶ 16} "3) As long as Defendant has no further criminal convictions, no pending criminal charges, and does not violate any of the conditions of his good behavior, the State agrees not to oppose the filing of an application to expunge/seal records of this conviction after one year. The State reserves the right to take any position on the granting or denial of the application."
 {¶ 17} Based upon this language, in its judgment entry granting appellee's application, the trial court concluded as follows:
 {¶ 18} "The Court has reflected on the stipulated agreement between the parties. The Court takes very seriously the agreement that `as long as the defendant has no further criminal convictions, has no pending criminal charges and did not violate any of the conditions of his good behavior, the State agrees not to oppose the filing of an application to expunge/seal records of this conviction after one year.' The Court finds that the opposition of the State is without merit. The Court further believes that the State is estopped by it's (sic) agreement from opposing this application by it's (sic) own plain language." Judgment Entry, Aug. 7, 2002, at 2.
 {¶ 19} We agree with the state's argument that the trial court incorrectly interpreted the plea agreement. According to the agreement, the state merely agreed not to oppose the filing of an application one year after appellee's conviction. However, the state clearly reserved the right to oppose the application if it chose to do so. Thus, the trial court abused its discretion when it found the state was estopped from opposing appellee's application.
 {¶ 20} Accordingly, we sustain the state's First Assignment of Error and remand this matter, to the trial court, for the court to consider the state's arguments in opposition to appellee's application as required by R.C. 2953.32(C)(1)(d). Although the trial court noted, in its judgment entry, that the state's reason for its objection is that appellee takes no responsibility for his action, we find the state's response filed on May 1, 2002, sets forth six reasons for opposing appellee's application. The trial court should review all of these reasons on remand.
 {¶ 21} We will not address the merits of the state's Second or Third Assignments of Error as these assignments of error are moot based upon our disposition of the state's First Assignment of Error.
 {¶ 22} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.