OPINION JUDGMENT ENTRY
{¶ 1} Appellant State of Ohio appeals the decision of the Fairfield County Municipal Court that granted Appellee Charles Lowrey's motion for expungement. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 5, 2000, Kathy Lowrey, appellee's spouse, contacted the Fairfield County Sheriff's Department, alleging that appellee had struck her in the face and thrown her to the ground. Thereafter, the State charged appellee with one count of domestic violence, a misdemeanor of the first degree. On April 18, 2000, appellee entered a plea of no contest, with a stipulation of facts sufficient for a finding of guilt, to the reduced charge of unlawful restraint.
 {¶ 3} On June 29, 2001, appellee filed a motion for expungement. The trial court initially denied appellee's request, but it was later determined that appellee's motion was premature, due to the lack of an expiration of one year from the date of termination of probation, and that the original assigned judge should have heard the motion. Appellee therefore filed another motion for expungement on April 19, 2002. The trial court conducted a hearing and granted appellee's request on August 7, 2002. The state appealed from that decision; we reversed and remanded the decision for the trial court to consider all of the State's arguments in opposition to appellee's application pursuant to R.C. 2953.32(C)(1)(d). See State v. Lowrey,
Fairfield App. No. 02-CA-73, 2003-Ohio-1191 ("Lowrey I").
 {¶ 4} Upon remand, the trial court conducted another expungement hearing on August 6, 2003. At that time, the State introduced certified copies of appellee's two recent convictions, both of which had occurred subsequent to the original grant of expungement on August 7, 2002; namely, operating a vehicle without a license (M1) from June 24, 2003, and speeding (M3) on September 13, 2002. The court took the matter under advisement, and then issued a decision on October 29, 2003, granting appellee's expungement.
 {¶ 5} The State timely appealed and herein raises the following two Assignments of Error:
 {¶ 6} "I. The trial court abused its discretion vested in it by R.C. § 2953.32 in granting defendant's application for expungement of his 2000 unlawful restraint conviction because defendant is not a first offender pursuant to r.c. §2953.32(c)(1)(A) and § 2953.31(a), and thus has no jurisdiction.
 {¶ 7} "II. The trial court erred in granting defendant's application for expungement because the defendant has not been rehabilitated pursuant to § 2953.32 (C)(1)(c).
 {¶ 8} "III. The trial court erred in granting defendant's application for expungement because the defendant's interest does not outweigh the legitimate need of the government to maintain those records pursuant to § 2953.32(C)(1)(e).
 {¶ 9} "IV. The trial court erred by limiting its scope of consideration to the time of application, and did not consider the evidence presented at the hearing."
 I. {¶ 10} In its First Assignment of Error, the state maintains appellee was not a "first-time offender," and that the trial court therefore abused its discretion when it granted appellee's application for expungement of his conviction for unlawful restraint. We disagree.
 {¶ 11} R.C. 2953.31(A) defines "first offender" as "* * * anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." The determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 9, citing State v. McGinnis (1993),90 Ohio App.3d 479, 481, 629 N.E.2d 1084; State v. Aggarwal
(1986), 31 Ohio App.3d 32, 507 N.E.2d 1167.
 {¶ 12} In the case sub judice, there is no dispute that appellee fit the category of first offender as of the date of the original grant of expungement, i.e., August 7, 2002. The trial court concluded that appellee's status as a first offender would not be affected by his two subsequent misdemeanor convictions, as those convictions were precluded from consideration based on our remand of March 13, 2003 "for the court to consider the state's arguments in opposition to appellee's application as required by R.C. 2953.32(C)(1)(d)." See Lowrey I at ¶ 20.
 {¶ 13} The issue before us, therefore, is whether this Court's limited remand, with directions to the trial court to consider the expungement factors raised by the State, bars the trial court from considering convictions which occurred subsequent to the date of the expungement entry under appeal. We conclude that it does. "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" Pipe Fitters Union Local No. 392 v.Kokosing Constr. Co., Inc., 81 Ohio St.3d 214, 218,1998-Ohio-465, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1,3, 462 N.E.2d 410. The doctrine of the law of the case "functions to compel trial courts to follow the mandates of reviewing courts." Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404, quoting Nolan, supra. "Moreover, the trial court is without authority to extend or vary the mandate given. * * * [Citations omitted.]" Id.
 {¶ 14} Our prior remand in this matter was based on our holding that the trial court had misinterpreted the parties' underlying plea agreement; i.e., we concluded the trial court had abused its discretion when it found the State was estopped from opposing appellee's application. See Lowrey I at ¶ 19. Our remand thus directed the court to review the matter pursuant to R.C. 2953.32(C)(1)(d), which requires that a trial court do the following in an expungement proceeding: "If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection." (Emphasis added.) Neither the State's original objection to the motion for expungement, filed May 1, 2002, nor its supplemental brief opposing expungement, filed July 11, 2002, make any reference to the "first offender" issue. As such, we hold the trial court correctly refused to consider the subsequent convictions, in accordance with the spirit of our remand mandate. Accordingly, we find no abuse of discretion by the trial court in declining to alter appellee's "first offender" classification for purposes of expungement.
 {¶ 15} The State's First Assignment of Error is overruled.
 II. {¶ 16} In its Second Assignment of Error, the State maintains the trial court erred in granting appellee's application for expungement on the basis of rehabilitation. We disagree.
 {¶ 17} The expungement procedure in Ohio is a statutory post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. See State v. Thomas (1979), 64 Ohio App.2d 141, 145,411 N.E.2d 845. As a general rule, a trial court's decision to deny expungement will not be disturbed on appeal absent a showing of abuse of discretion. State v. Muller (Nov. 6, 2000), Knox App. No. 99CA18.
 {¶ 18} R.C. 2953.32(C)(1)(a) through (e) sets forth the factors a trial court shall consider in determining whether to grant an application for the sealing of a conviction record. In this Assignment of Error, appellant focuses on subsection (C)(1)(c), which requires the trial court to "* * * determine whether the applicant has been rehabilitated to the satisfaction of the court."
 {¶ 19} The State proposes that appellee has demonstrated a lack of rehabilitation via his comments to the court: "First of all, um, I never admitted any violence toward Kathy Lowery. I do not admit that I caused bruises on Kathy, on Kathy Lowrey's face. Uh, as a matter of fact, she got those bruises while she was hitting and punching me. She slipped and fell. * * * And everybody's attributing these pictures to me even though I have not admitted doing these things." Transcript, June 6, 2001, at 11, 14. The State also notes that a sheriff's report made on March 20, 2002, contains allegations that appellee pushed Kathy off the porch in front of their child.[1] Finally, the State again brings up the two subsequent misdemeanor convictions, which, as discussed in the First Assignment of Error, were outside the scope of review upon the prior remand
 {¶ 20} It is well-established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212. Because R.C. 2953.31 and 2953.32 are to be liberally construed, the relief available is to be liberally granted. State v. Hilbert (2001), 145 Ohio App.3d 824, 828,764 N.E.2d 1064. We note appellee took responsibility for the crime of unlawful restraint by pleading no contest to that charge. We do not read the passage cited by the State as an attempt by appellee to refute responsibility for the crime for which he was convicted. While we indeed express some concern about the 2002 sheriff's report cited by the State, we are unpersuaded upon review to substitute our judgment for that of the trier of fact. Accordingly, we do not find the trial court abused its discretion in finding appellee rehabilitated for purposes of expungement.
 {¶ 21} The State's Second Assignment of Error is overruled.
 III. {¶ 22} In its Third Assignment of Error, the State maintains the trial court abused its discretion when it granted appellee's application for expungement on the basis of the "weighing" factors of R.C. 2953.32(C)(1)(e). We disagree.
 {¶ 23} The pertinent subsection requires a trial court to "[w]eigh the interest of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." The State essentially contends that (1) law enforcement officials would need to be aware of the unlawful restraint conviction in order to recognize appellee's "potential threat of harm" (State's Brief at 9); (2) the Ohio National Guard, which has been conducting an investigation connected to appellee, would need access to the conviction record; and (3) appellee, who is a surgeon, has medical patients who should be aware of his record.
 {¶ 24} Upon review, we find these concerns, although cogently articulated by the State, do not warrant reversal by this Court under an abuse of discretion standard. R.C. 2953.32(D), for example, would not preclude future unsealing of the record by law enforcement officials if necessary. Furthermore, the trial court fully analyzed the situation involving the Ohio National Guard, including the testimony of Lt. Col. Aukland, and concluded that the conviction record had been available for military review and copying for more than two years. Similarly, the court was made aware that the relevant medical review authorities had completed their inquiry into the matter. See, also, State v. Wiley (May 23, 2002), Licking App. No. 01-CA-119, (noting that in State v.Rossi (1999), 86 Ohio St.3d 620, the Ohio Supreme Court found an order to seal records was appropriate regardless of the fact the records were available elsewhere).
 {¶ 25} The State's Third Assignment of Error is therefore overruled.
 IV. {¶ 26} In its Fourth Assignment of Error, the State maintains the trial court erred by limiting the scope of its consideration upon remand As per our analysis of the State's First Assignment of Error, we find no merit in the State's position.
 {¶ 27} The State's Fourth Assignment of Error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is affirmed.
Costs to the State of Ohio.
[1] It appears this report was not formally introduced as an exhibit at the expungement hearing on June 27, 2002.