In re T.F.K.

2005-Ohio-7143.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2004 MISC 70.

Decided April 13, 2005.

Charles E. McFarland, for applicant.

Donald White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney; Jim Petro, Attorney General, and Jonathan R. Fulkerson, Deputy Attorney General, for the state of Ohio.

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court on the application of T.F.K. for the sealing of conviction records pursuant to R.C. 2953.31 through 2953.36. The state opposes the motion, and both T.F.K. and the state have filed multiple memoranda. Additionally, the Ohio State Dental Board has moved to intervene and has filed two memoranda addressing the issue of whether an order sealing the conviction would apply to it. The court, having considered the arguments of the parties made in their memoranda and at the hearing, hereby renders the following decision.

{¶ 2} The records at issue document T.F.K.'s 1997 federal conviction for violation of Section 7201, Title 26, U.S.Code, attempting to evade taxes or defeat federal income taxes. T.F.K. pleaded guilty to the charge and served a five-month prison sentence followed by two years in a supervised release program. He completed the supervised release program on October 18, 2000.

{¶ 3} The board has generated its own records stemming from T.F.K.'s conviction. These records include a consent agreement in which T.F.K.'s license to practice dentistry was suspended during his incarceration and that imposed a three-year probationary period on T.F.K.'s practice.

### Motion of the State Dental Board

{¶ 4} The board does not take a position on the propriety of T.F.K.'s application, but instead has intervened in order to address the issue of whether it, as a regulatory board, is subject to the expungement statutes. The court concludes that it is.

{¶ 5} R.C. 2953.35 prohibits the release of sealed information:

(A) Except as authorized by divisions (D), (E), and (F) of section 2953.32 of the Revised Code or by Chapter 2950 of the Revised Code, any officer or employee

of the state, or a political subdivision of the state, who releases or otherwise disseminates or makes available for any purpose involving employment, bonding, or licensing in connection with any business, trade, or profession to any person, or to any department, agency, or other instrumentality of the state, or any political subdivision of the state, any information or other data concerning any arrest, complaint, indictment, trial, hearing, adjudication, conviction, or correctional supervision the records with respect to which the officer or employee had knowledge of were sealed by an existing order issued pursuant to sections 2953.31 to 2953.36 of the Revised Code, or were expunged by an order issued pursuant to section 2953.42 of the Revised Code as it existed prior to the effective date of this amendment, is guilty of divulging confidential information, a misdemeanor of the fourth degree.

The statute clearly contemplates that a court can seal records of adjudications involving professional licenses, one of which is at issue here.

{¶ 6} Further, R.C. 2953.32(C)(2) states that when a court finds an applicant to have satisfied the requirements of the statutes, the court "shall order all official records pertaining the case sealed and * * * all index references to the case deleted * * *." The controlling definition of "official records" comes from R.C. 2953.51 and defines them as "all records that are possessed by any public office or agency that relate to a criminal case." The court concludes that records of the board's adjudication hearings, consent agreements, and minutes of meetings at which adjudications are made are subject to an order sealing records under the statute if those records relate to a criminal case.

{¶ 7} The board requests guidance with respect to the interplay between the expungement statutes and Ohio's Public Records Law. According to the board, it will be placed in "a costly Catch–22" whenever a public records request is made concerning a licensee who has applied to have his records sealed under the statute.

{¶ 8} The Public Records Act states, " 'Public Record' does not mean any of the following: * * * Records the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). Since the release of records that have been sealed under R.C. 2953.32 is prohibited by state law, those records are not "public records" and are therefore not subject to disclosure under R.C. 149.43(B).

{¶ 9} Lastly, the board has argued that R.C. 2953.32 authorizes only the maintenance of sealed records and does not provide for their destruction. The court agrees, and to whatever extent T.F.K.'s motion requests the destruction of records, it is denied. An order sealing records subjects the agency in possession of such records to the requirements of R.C. 2953.32(F).

■■■

T.F.K.'s Motion under R.C. 2953.31 through 2953.36

■■■ {¶ 10} In determining whether to grant the application for the sealing of criminal conviction, a court is guided by R.C. 2953.32. The court should liberally construe the statute so as to promote the legislative purpose of allowing expungements. *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622, 716 N.E.2d 204; *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064. The Eighth District Court of Appeals has described the underlying concept behind the expungement statute this way: "The legislature which is closer to the people recognized that people make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness. Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves." *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064. With this in mind, the court will address T.F.K.'s application.

{¶ 11} R.C. 2953.32(A) sets out the basic requirements that an applicant must be a first offender and, in the case of a federal felony conviction, may make his application in the court of common pleas only after the expiration of three years after the offender's final discharge. None of the parties disputes that T.F.K. has satisfied R.C. 2953.32(A), and the court similarly concludes that he has.

{¶ 12} Under R.C. 2953.32(C)(1)(a) through (e), the court must then consider five factors. The state does not question T.F.K.'s eligibility under the first three of these factors—namely, that he is a first offender as that term is defined by R.C. 2953.31(A), that there are no criminal proceedings pending against him, and that the applicant has been rehabilitated. Based on this concession and the material submitted to the court by T.F.K., the court concludes that T.F.K. has satisfied these first three factors.

{¶ 13} The state's objection to T.F.K.'s application focuses on the final two factors of R.C. 2953.32(C)(1), in which the court must consider those arguments raised by the prosecutor and must weigh the privacy interest of the applicant in having the records sealed against the legitimate needs of the government to maintain those records.

{¶ 14} First, the state argues that T.F.K.'s application should be denied because of his plans to do missionary work in China. The state maintains that foreign countries are concerned about the possibility of felons crossing their borders and that the danger is heightened where state records can be sealed. However, as the state itself points out, an order sealing T.F.K.'s records by this court has no effect on records under federal jurisdiction since "[R.C.] 2953.32 cannot be construed as affecting federal records either maintained or in the

custody of federal officers." *Schwab v. Gallas* (N.D.Ohio 1989), 724 F.Supp. 509, 510. Thus, parties interested in learning of T.F.K.'s past criminal convictions may do so by making inquiry in federal court.

{¶ 15} The state next argues that state-income-tax evasion often coincides with federal evasion, because the same adjusted gross income is used on both returns, and therefore it is likely that T.F.K. avoided state income taxes. The state asks that T.F.K. be made to demonstrate that he paid his Ohio income taxes in full during the time addressed in his federal indictment. The court declines to compel T.F.K. to make a showing beyond that required by the statute. Such a requirement would be especially unfair since the state has never alleged that the crime was committed.

{¶ 16} The state's primary concern appears to be that future prosecution of other members of T.F.K.'s group, which it says promotes the use of abusive trusts for the evasion of federal tax, will be hampered if T.F.K.'s application is granted. This concern is unwarranted because the Ohio expungement statute does not preclude inspection of sealed records by certain law enforcement personnel. See R.C. 2953.32(D); 2953.321(B)(3). Nor is the court persuaded that T.F.K.'s application should be denied because the granting of the application could encourage others to risk federal conviction on the chance that any conviction could later be expunged. This risk applies equally to the granting of all applications to seal records and was almost certainly taken into consideration by the General Assembly when it enacted the statute. While it is a legitimate state concern that expungement could encourage criminal behavior, the risk is too attenuated to outweigh the individual's interest in expungement. This is especially true in light of the fact that, as discussed above, the sealing of state records has no effect on those records maintained by federal authorities.

{¶ 17} Although not argued by the state, the court addresses one final concern. The state certainly has an interest in assuring that its licensed professionals are qualified in their chosen field, as evidenced by the licensing procedures themselves. At least one Ohio court has acknowledged that the interest of patients in the criminal record of health-care personnel is a relevant concern of a trial court in determining an application under R.C. 2953.32. *State v. Lowery*, 5th Dist.App. No. 03CA86, 2004-Ohio-4429 (finding no abuse of discretion in trial court's granting of surgeon's application to seal unlawful restraint conviction). However, in weighing that interest against the right of the individual, it seems to the court that the conviction must be considered in light of the profession of the applicant. In this case, the court concludes that the state's interest in allowing public access to T.F.K.'s conviction records is less substantial than it would be were T.F.K. a certified public accountant or an attorney entrusted with assisting others in the preparation of taxes. The connection between tax evasion and the practice of

14

dentistry is tangential and does not outweigh T.F.K.'s interest in having the records sealed and the liberal policy of R.C. 2953.32 in favor of expungement.

{¶ 18} The court therefore finds that T.F.K. meets the statutory criteria necessary to seal his conviction records, and hereby orders such records sealed.

### Conclusion

{¶ 19} For the above stated reasons, the court hereby grants T.F.K.'s application to seal the records of his conviction, including those records in the possession of the Ohio State Dental Board that relate to that conviction.

So ordered.