**DREAM FIELDS, L.L.C., Appellant,**

v.

**BOGART, Appellee.**

[Cite as *Dream Fields, L.L.C. v. Bogart*, 175 Ohio App.3d 165, 2008-Ohio-152.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–0601029.

Decided Jan. 18, 2008.

Porter Wright Morris & Arthur, L.L.P., and Craig A. Hoffman, for appellant.

Santen & Hughes and Deepak K. Desai, for appellee.

MARK P. PAINTER, Judge.

{¶ 1} This court decided this case in September 2007. The parties now request that the court order all "records, pleadings, and proceedings" sealed. We must deny their request because the records (which we assume include proceedings and pleadings) are public records and thus must remain open to the public.

{¶ 2} Courts have traditionally recognized the right of the public to inspect judicial records.[1] Grand-jury transcripts and warrant materials during pre-indictment investigations, trade secrets, and medical records are exceptions to this rule.[2] But unless an exception clearly exists, there is a strong presumption that the records are public.[3]

{¶ 3} Ohio's "Sunshine Laws" govern public records and open meetings.[4] Under R.C. 149.34, public records are defined as records kept by any public office. The Ohio Supreme Court has determined that records under the jurisdic-

---

1. *Nixon v. Warner Communications, Inc.* (1978), 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570.

2. *Times Mirror Co. v. United States* (C.A.9, 1989), 873 F.2d 1210, 1219.

3. Id.

4. R.C. 121.22 and 149.43.

tion of a state court are "public records" under R.C. 149.43 unless an exclusion applies.[5] Under the statute, public records shall be available for inspection. If we were to seal the records, it would deny the public's right to inspect those records.

{¶ 4} The memorandum supporting the motion does not discuss any of the stated exceptions to the availability of public records in R.C. 149.43. This was a breach-of-contract case and does not appear to involve any information that must be kept confidential under the statute.[6]

{¶ 5} Unless a court record contains information that is excluded from being a public record under R.C. 149.43, it shall not be sealed and shall be available for public inspection. And the party wishing to seal the record has the duty to show that a statutory exclusion applies. Neither party has alleged a reason for sealing the records except that "part of the consideration" for the settlement was that it was to remain confidential.

{¶ 6} We see here no applicable statutory exclusion. Just because the parties have agreed that they want the records sealed is not enough to justify the sealing. If it were, the public could be barred from examining most court records.

{¶ 7} The joint motion to seal the records in this case is denied.

Motion denied.

HILDEBRANDT and WINKLER, JJ., concur.

RALPH WINKLER, retired, of the First Appellate District, sitting by assignment.

---

**5.** *State ex rel. MADD v. Gosser* (1985), 20 Ohio St.3d 30, 33, 20 OBR 279, 485 N.E.2d 706.

**6.** R.C. 149.34(A)(1).