[Cite as *Mayfield Hts. v. M.T.S.*, 2014-Ohio-4088.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100842**

# CITY OF MAYFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

# M.T.S.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART;
REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-810871

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEY FOR APPELLANT**

Danamarie Pannella
Holland & Muirden, Attorneys at Law
1343 Sharon-Copley Road
P.O. Box 345
Sharon Center, Ohio 44274


**ATTORNEYS FOR APPELLEES**

Paul T. Murphy
Paul T. Murphy Co., L.P.A.
5843 Mayfield Road
Mayfield Heights, Ohio 44124

L. Bryan Carr
L. Bryan Carr Co., L.P.A.
1392 S.O.M. Center Road
Mayfield Heights, Ohio 44124

Leonard F. Carr
Leonard F. Carr Co., L.P.A.
1392 S.O.M. Center Road
Mayfield Heights, Ohio 44124

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, M.T.S., appeals the trial court's judgment denying his motion to seal pleadings. We find some merit to the appeal, affirm in part, and reverse in part.

**{¶2}** In July 2013, plaintiff-appellee, city of Mayfield Heights ("Mayfield Heights" or "the city"), filed a complaint against M.T.S. seeking injunctive relief to abate a nuisance. The complaint alleged that M.T.S. maintained certain animals and operated a business in violation of its codified ordinances.

**{¶3}** During discovery, the city served M.T.S. with a request to enter upon and inspect his property. The inspection, scheduled for October 29, 2013, was limited to the examination of "(1) the animals kept on the property and (2) the fencing and other structures Defendant installed without a permit." On October 23, 2013, M.T.S. sent a letter, through counsel, to the city informing it that he had permanently removed the animals from the property in response to a neighbor's threat of harm. The letter further stated:

> M.T.S. has acquired and currently keeps one new indoor animal (dog) on his property. If you would like to have the Animal Warden inspect that animal to confirm it is not one of the animals previously identified, Defendant has no objection.

> As to the fencing and other structures outlined in your September 25, 2013 letter: Defendant objects to inspection of these because they are not part of Plaintiff's Complaint, not relevant to the subject matter involved in the pending action, nor is [the] inspection reasonably calculated to lead to the discovery of admissible evidence. This request is also an invasion of Defendant's right to privacy and calculated to annoy and harass Defendant.

Without waiving the objections, it is noted that these items are clearly visible in plain view, have been erected for at least ten years, and Defendant has never received any proper notice from the Building Department as to any violation or potential violation of the Building code related to these items to date.

{¶4} Mayfield Heights subsequently corresponded with M.T.S.'s lawyer in an attempt to proceed with the inspection as scheduled but was unsuccessful. On October 29, 2013, Mayfield Heights filed a motion to compel the inspection after an individual at M.T.S.'s house refused to allow the city's animal warden and building inspector to inspect the property. In support of its motion, the city cited three cases in which M.T.S. had previously been convicted of harboring an unlawful number of animals and keeping nuisance conditions on his property. The city attached printed dockets from each of the three cases to its brief.

{¶5} On the same day Mayfield Heights filed its motion to compel, the Lyndhurst Municipal Court granted M.T.S.'s motion to expunge the three convictions identified in the city's motion. On November 12, 2013, Mayfield Heights dismissed its complaint against M.T.S. because the nuisance was abated. On November 27, 2013, M.T.S. filed a motion to seal the city's complaint and motion to compel because they referred to his expunged convictions. M.T.S. also sought sanctions against the city for the release of his sealed criminal records. In the journal entry denying M.T.S.'s motion, the court explained:

> The court finds that, on the date of filing of the motion to compel, the conviction at issue was a matter of public record. Despite the contention of the movant that the motion was filed post-sealing. The conviction at issue is not one of moral turpitude or of a nature that could cause undue

embarrassment. Court is of the position that good cause to seal has not been shown. The motion for sanctions is without merit and denied..

{¶6} It is from this judgment that M.T.S. now appeals and raises two assignments of error.

### Request to Seal Pleadings

{¶7} In the first assignment of error, M.T.S. argues the trial court erred in denying his request to seal pleadings. He contends the trial court should have sealed the pleadings because they referenced his expunged criminal convictions in violation of R.C. 2953.32(D).

{¶8} R.C. 2953.32 governs the sealing of convictions in criminal cases. It does not apply to the sealing of pleadings in civil cases. M.T.S.'s motion requested an order sealing the city's complaint and motion to compel. These pleadings are public records under the Ohio Public Records Act, R.C. 149.43. *State ex rel. MADD v. Gosser*, 20 Ohio St.3d 30, 33, 485 N.E.2d 706 (1985). With certain exceptions, a public record is "any record that is kept by any public office."[1] Under the Act, all public records must be made available for public inspection "to any person at all reasonable times." R.C. 149.43(B)(1). The only exceptions are those records falling within one of the statutory exemptions enumerated in R.C. 149.43(A)(1)(a) through (bb). A party wishing to seal a public record bears the burden of proving that one of the statutory exemptions contained in R.C. 149.43(A)(1)(a) through (bb) applies. *State ex rel. Cincinnati Enquirer v.*

---

[1] Under Sup.R. 45(A), court records are presumed open to public access.

*Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus; *Dream Fields L.L.C. v. Bogart*, 175 Ohio App.3d 165, 2008-Ohio-152, 885 N.E.2d 978, ¶ 5 (1st Dist.). M.T.S. did not mention the Ohio Public Records Act and made no argument that any exception to the Act applied that mandated concealment.

{¶9} In order for there to be a violation of R.C. 2953.32(D), there must first be a valid order sealing the records of conviction. M.T.S. argues the Lyndhurst Municipal Court sealed his convictions before the city's motion to compel was filed and that, therefore, the city released his sealed records in violation of R.C. 2953.32(D). Whether the sealing of M.T.S.'s convictions preceded the city's filing of its motion is the deciding question of fact in this case. We review a trial court's findings of fact for an abuse of discretion. *Crenshaw v. Integrity Realty Group, L.L.C.*, 8th Dist. Cuyahoga No. 100031, 2013-Ohio-5593, ¶ 9.

{¶10} In this case, the trial court summarily denied M.T.S.'s motion without a hearing and without an in camera inspection. It concluded that M.T.S.'s convictions were public records at the time Mayfield Heights filed its motion to compel. However, there is some evidence in the record suggesting that the Lyndhurst Municipal Court's order sealing M.T.S.'s convictions was journalized before Mayfield Heights filed its motion to compel, even if only by a few hours. The evidence was not sworn because the court never held a hearing or conducted an in camera inspection of the records to determine the timing in which M.T.S.'s convictions were sealed vis-á-vis the filing of the city's motion to compel.

{¶11} Furthermore, the trial court disregarded M.T.S.'s right to expungement. The court's authority to seal conviction records is derived from the defendant's constitutional right to privacy. *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981), *superseded by statute on other grounds*; *State v. Hilbert*, 145 Ohio App.3d 824, 826, 764 N.E.2d 1064 (8th Dist.2001). Thus, when trial courts exercise expungement powers, they use "a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records." *Id*. Although the trial court in this case was not deciding whether to expunge criminal records, it should still have considered the policy reasons for expungement when deciding whether to seal the pleadings containing the sealed records.

{¶12} Under these circumstances, we find that the trial court abused its discretion when it denied M.T.S.'s motion to seal pleadings without holding a hearing or conducting an in camera inspection to determine whether his criminal records were sealed before Mayfield Heights filed its motion to compel.

{¶13} The first assignment of error is sustained.

### Motion for Sanctions

{¶14} In the second assignment of error, M.T.S. argues the trial court erred in denying his motion for sanctions. He contends the trial court should have sanctioned the city for attaching dockets from three prior criminal cases to its motion to compel because such action was frivolous.

{¶15} Pursuant to R.C. 2323.51, a trial court may award court costs, reasonable attorney fees, and other reasonable expenses incurred due to frivolous conduct. R.C. 2323.51(A)(2)(a) defines "frivolous conduct," in relevant part, as conduct of a party to a civil action that:

> (i) * * * obviously serves merely to harass or maliciously injure another party to the civil action * * * [or]
>
> * * *
>
> (iii) * * * consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

A decision on whether to award sanctions under R.C. 2323.51 will not be reversed absent an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11, citing *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 98, 689 N.E.2d 552 (1998).

{¶16} M.T.S. argues the city published his convictions in a public record solely to harass and annoy him. The city explained in its motion that it cited the convictions to inform the court of the history of the parties' dispute. Mayfield Heights filed the complaint in this case to abate the same nuisance it had previously prosecuted in the three cited cases. The city offered evidence of the prior criminal cases to show M.T.S.'s unwillingness to comply with city ordinances and his lack of cooperation in resolving conflict. Although reference to all the prior cases may not have been entirely necessary, we cannot say the city cited them simply to annoy or harass M.T.S., and there was no other evidence of an intent to harm him.

{¶17} Therefore, the second assignment of error is overruled.

**{¶18}** The trial court's judgment is affirmed in part and reversed in part. We remand this case to the trial court to hold a hearing on M.T.S.'s motion to seal pleadings and/or conduct an in camera inspection of the pertinent documents.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE
FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR