COLEMAN *v.* McGETTRICK, SHERIFF.

(No. 39401—Decided May 19, 1965.)

*Mr. James R. Willis,* for petitioner.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Moscarino,* for respondent.

*Per Curiam.* Petitioner urges that the denial of bail on appeal constitutes a denial of due process. He argues that he is raising substantial federal questions in his appeal which may well cause a reversal of his conviction, and because of the denial of bail he may well have to spend more time in jail on what may be held to be a void conviction than the minimum time he would have to serve under the sentence itself. Basically, he contends that the denial of bail actually denies him his right to appeal. Petitioner points out that he was free on bail prior to his conviction and did not abscond, so that there is no reason to believe that he would abscond if released on bail pending the appeal.

It is his contention that a substantial reason must exist before bail can be denied on appeal, and that a denial without such reason fails to comply with the minimum standards of justice required by the due process and equal protection clauses of the Constitution of the United States. He argues that the granting of bail in some cases on appeal while denying it in others where there is a substantial question raised on appeal denies an accused equal protection. He urges that bail cannot be denied arbitrarily, and that, in the absence of an opinion by the Court of Appeals, there is nothing to indicate anything except that the court denied bail either because the state wished it so or for some unsubstantial reason. He contends that the denial of bail without a finding that there is no substantial reason for the appeal or a finding that the petitioner is likely to abscond if placed on bail violates both the due process and equal protection clauses of the Constitution of the United States.

Respondent, in answer to petitioner's contentions, points out that there is no constitutional right to bail after conviction and pending appeal, and that the granting of bail on appeal is within the sound discretion of the court.

It would appear that respondent's argument is well taken.

Section 2949.02, Revised Code, provides:

"When a person has been convicted of any bailable offense, including the violation of an ordinance of a municipal corporation, in the Court of Common Pleas or by any court or magistrate inferior to the Court of Common Pleas, and such person gives notice in writing to the trial judge or magistrate, of his intention to file, or apply for leave to file a petition to review such conviction, such judge or magistrate may suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file, or to apply for leave to file such petition. In all bailable cases, except those in which the punishment is imprisonment for life, such judge may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate, conditioned that the accused will appeal without delay and abide by the judgment and sentence of the court."

Section 2953.09, Revised Code, provides:

"Upon filing an appeal in the Supreme Court, the execution

of sentence in cases of felony is suspended. Appeals in other courts shall not suspend execution of sentence, except in capital cases where such suspension must be for good cause shown, on motion and on notice to the prosecuting attorney of the proper county, ordered by a majority of the judges of the Court of Appeals of the county, and in other cases in such court by one judge thereof, and in cases in the Court of Common Pleas by one of the judges thereof.

"In all bailable cases, except those in which the punishment is imprisonment for life, the trial judge may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate, conditioned that the accused will appeal without delay and abide by the judgment and sentence of the court."

Section 2953.10, Revised Code, provides:

"The Court of Common Pleas, Court of Appeals, or Supreme Court, or any judge thereof, to which court an appeal is taken from an inferior tribunal, has the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for in respect to said inferior tribunal."

Thus, under the provisions of these sections, the granting of bail is strictly within the discretion of the courts. There is no bail on appeal as a matter of right.

In *In re Thorpe*, 132 Ohio St. 119, the first and second paragraphs of the syllabus read as follows:

"1. The provisions of Article I, Section 9 of the Ohio Constitution, guaranteeing the right to bail, are not effective subsequent to judgment of conviction in the trial court. (*In re Halsey*, 124 Ohio St. 318, approved and followed.)

"2. One convicted of a felony is not entitled as a matter of right to be admitted to bail or to have execution of sentence suspended pending appeal of such judgment of conviction in a reviewing court; but the trial court is authorized by Section 13453-1, General Code [2949.02, Revised Code], to suspend execution of sentence and release the defendant upon approved recognizance pending such appeal."

There is a sound basis for making the granting of bail a right prior to conviction but a matter of the court's discretion

after conviction. Prior to conviction, an accused is afforded the benefit of the presumption of innocence, the burden being upon the state to prove his guilt. After conviction such presumption no longer exists; the accused has been found guilty, and the burden is then upon the convicted felon to prove such conviction erroneous.

As pointed out above, the release of an accused on bail after conviction and pending appeal is not a matter of right but a question to be resolved by an exercise of the sound discretion of the court. Only if there is a patent abuse of such discretion should the decision of the court denying bail be disturbed.

Petitioner, in the instant case, has shown no such abuse of discretion. He contends that he is raising substantial questions in his appeal, that there is no danger of his absconding, that there was no sound basis for the denial of bail, and, thus, that he should be granted bail.

To follow petitioner's argument that the Court of Appeals had no sound ground for denying bail, we would have to assume that, because the Court of Appeals rendered no written opinion in its denial of bail, it had no grounds for such denial but acted purely arbitrarily. This is the assumption urged on us by petitioner. Such assumption cannot validly be made. To do so would be to ignore the presumption of regularity which adheres to all judicial proceedings.

Petitioner has made application for bail to both the Court of Common Pleas and the Court of Appeals and has been denied bail by both. According to the brief of respondent, at least in the Court of Appeals, petitioner's extensive prior record of arrests and convictions was examined, and the question as to whether a substantial question was raised on the appeal was considered. It was only after this examination that the bail was denied.

Under such facts, we cannot find any abuse of discretion in the action of the courts denying bail.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.