[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 530.]

THE STATE OF OHIO, APPELLEE, *v*. HAWKINS, APPELLANT.

[Cite as *State v. Hawkins*, 1996-Ohio-24.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for filing application more than ninety days from journalization of the appellate judgment, as required by App.R. 26(B)(2)(b).*

(No. 95-1813—Submitted January 9, 1996—Decided February 14, 1996.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-900092 and C-910017.)

————————————

{¶ 1} Appellant, Shawn L. Hawkins, was convicted of two 1989 aggravated murders and two counts of aggravated robbery and sentenced to death. The court of appeals affirmed the convictions and sentence. *State v. Hawkins* (Dec. 18, 1991), Hamilton App. Nos. C-900092 and C-910017, unreported, 1991 WL 270633. On direct appeal as of right, we also affirmed. *State v. Hawkins* (1993), 66 Ohio St.3d 339, 612 N.E.2d 1227.

{¶ 2} In April 1994, Hawkins filed with the court of appeals an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals denied the application, finding that Hawkins had "failed to show good cause for filing his application more than ninety days after this Court's decision was journalized [December 18, 1991], as required by App.R. 26(B)(2)(b)."

{¶ 3} Hawkins appeals the court of appeals' denial of his petition. Hawkins also asks for reversal because he claims that the court of appeals' decision to deny his application for reopening was decided by only a single judge of that court.

_____

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Laurence E. Komp*, *Kevin L. Fahey* and *Cynthia A. Yost*, Assistant Public Defenders, for appellant.

_____

***Per Curiam.***

**{¶ 4}** We affirm the decision of the court of appeals for the reason stated in its entry. Further, we reject Hawkins' unsupported assumption that fewer than three judges of the court of appeals decided to deny his application for reopening. The fact that only the presiding judge of the court of appeals signed the entry does not impeach the entry. App.R. 22(A) requires only "a journal entry signed by a judge of the court." Hawkins has not contradicted the presumption of regularity accorded all judicial proceedings. *State v. Sweet* (1995), 72 Ohio St.3d 375, 650 N.E.2d 450; *Coleman v. McGettrick* (1965), 2 Ohio St.2d 177, 180, 31 O.O.2d 326, 328, 207 N.E.2d 552, 554.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

_____