JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Stephen Krutowsky, appeals the decision of the lower court denying his motion to seal the record of his conviction under R.C. 2953.32. Upon review of the record and the legal arguments of the parties, we affirm.
 {¶ 2} Krutowsky's conviction stems from depositions taken in civil litigation pending in another jurisdiction. He forged cognovit notes and thereby defrauded investors in his corporations and partnerships. Attorney Michael Hennenberg was one of Krutowsky's victims.
 {¶ 3} On March 22, 1993, Krutowsky was indicted by the Cuyahoga County Grand Jury and charged with two counts of forgery, in violation of R.C. 2913.31; two counts of uttering, in violation of R.C. 2913.31; and one count of perjury, in violation of R.C. 2921.11.
 {¶ 4} On September 8, 1993, he pleaded guilty to criminal mischief, in violation of R.C. 2909.07, a misdemeanor of the third degree, as amended in count one. On September 24, 1993, he was sentenced to Lake County Jail for a term of 60 days with credit for time served. On November 3, 1993, an order was journalized releasing him, suspending the remainder of his sentence and placing him on probation for nine months with full restitution made to the victims.
 {¶ 5} In March 1996, Krutowsky filed a motion to seal the record of his conviction. On August 16, 2001, the trial court held a hearing and Krutowsky presented several affidavits pertaining to his character and his rehabilitation, including affidavits from Robert Saffian, Frank Dombrowski, Don Robart (Mayor of Cuyahoga Falls), Steven Keller (Federal Public Defender) and George Bolek. He provided the trial court with information that he had complied with conditions of the settlement agreement between himself and Mr. Hennenberg, one of the victims. He assured the court that all investors who were defrauded had been repaid. He displayed remorse for his actions and also informed the court that he had changed his business practices by hiring in-house counsel.
 {¶ 6} The State concurred that Krutowsky was an eligible offender and did not formally oppose his motion. Mr. Hennenberg did not appear for the hearing; however, he did inform the prosecutor's office that he possessed mixed emotions regarding the application for expungement. On July 12, 2002, the lower court denied Krutowsky's motion for expungement by journal entry without further explanation.
 {¶ 7} Krutowsky now appeals and presents one assignment of error for our review:
 {¶ 8} "The trial court abused its discretion in denying appellant, Stephen Krutowsky's motion for expungement."
 {¶ 9} R.C. 2953.32(C)(1) sets forth the requirements the trial court shall follow to determine if an applicant is entitled to have his record of conviction sealed or expunged. If the trial court, after complying with R.C. 2953.32(C)(1), finds that the applicant is a first time offender, that there are no other criminal proceedings pending against the applicant, and that there is not a legitimate governmental need to maintain the records which outweighs the interest of the applicant in having his record expunged or sealed, the court shall order the applicant's record expunged or sealed. See R.C. 2953.32(C)(2).
 {¶ 10} Every applicant, however, is not entitled to have his record expunged. R.C. 2953.32 was amended in 1984 to provide a heightened emphasis on the applicant's interest in having his record sealed from the public. State v. Greene (1991), 61 Ohio St.3d 137. The trial court has considerable discretion when weighing the applicant's interests with the government's interest. State v. Tyler (Aug. 20, 2002), Franklin Cty. No. 01AP-1055 citing State v. Haney (1991), 70 Ohio App.3d 135.
 {¶ 11} This court must consider whether the lower court abused its discretion when it weighed the defendant's interest against those of the government. Tyler (Aug. 20, 2002), Franklin Cty. No. 01AP-1055. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Statev. Clark (1994), 71 Ohio St.3d 466, 470; State v. Moreland (1990),50 Ohio St.3d 58, 61; State v. Adams (1980), 62 Ohio St.2d 151, 157. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
 {¶ 12} In State v. Hilbert (2001), 145 Ohio App.3d 824 at 827, this court held that "the court must weigh the interest of the public's need to know as against the individual's interest in having the record sealed, and must liberally construe the statute so as to promote the legislative purpose of allowing expungement." The court further stated, "* * * the legislature which is closer to the people recognized that people make mistakes, but that afterwards they regret their conduct and are older, wiser and sadder * * *. The unarguable fact is that some people do rehabilitate themselves." 145 Ohio App.3d 827.
 {¶ 13} Appellant argues in his reply brief that without any explanation or reasoning, it is impossible to determine the trial court's position relating to its denial of the expungement application. The Ohio Supreme Court, in Coleman v. McGettrick, Sheriff (1965), 2 Ohio St.2d 177, addressed a similar issue when confronted with no written opinion in the court's denial of bail. The petitioner argued that the lack of a written opinion in its denial of bail and the court's subsequent denial of bail constituted a groundless and arbitrary act. The Ohio Supreme Court held that such assumption by the petitioner cannot validly be made because there is a presumption of regularity which adheres to all judicial proceedings. Id.
 {¶ 14} There is no requirement that the court set forth its reasoning when granting or denying an expungement. While R.C. 2953.32
provides that the court shall make determinations under R.C.2953.32(C)(1)(a)-(e), the legislature could have easily specified that the phrase "shall determine" shall mean that the court shall set forth its reasoning on the record and/or in writing. However, the legislature specifically worded this particular statute differently from other statutes intended to dictate that result.
 {¶ 15} In contrast, Am.Sub. S.B. 2 substantially revised the sentencing guidelines, which specifically contemplated certain instances wherein the lower court must make written findings or findings on the record. For example, R.C. 2929.14 provides, "* * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others." R.C. 2929.19 provides, "* * * the court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances."
 {¶ 16} Accordingly, the legislature provided certain circumstances whereby findings or reasons shall be made on the record and/or in writing. Therefore, we will not interpret R.C. 2953.32 as requiring such a reading absent explicit legislative directives to do so.
 {¶ 17} Admittedly, it would be a better practice for the lower court to provide an explanation for its decision in this regard. However, without an explanation from the lower court for its decision and, given the state's lack of objection to the motion, when this court reviews the lower court's ruling, it places us at some disadvantage.
 {¶ 18} Nevertheless, the record contains sufficient information from which we can conclude the lower court did not abuse its discretion by denying the motion. Although the appellant has made restitution in full to his victims, the record suggests that one of the victims received substantial assistance from his creditors, who apparently gave the victim significant leeway in repaying debts that we must assume arose as a result of the appellant's criminal acts. The direct damage might have been repaid, but the victim suffered collateral consequences as a result of appellant's criminal acts. This could be a valid factor in the court's decision to deny the motion.
 {¶ 19} Furthermore, the appellant continues to conduct business transactions with the public as the Vice President of Union Commerce Corporation, which poses a potential risk to the public. Although the appellant has taken steps to avoid future criminal conduct in his business, the lower court's denial of the motion to seal the conviction infers that the public's need to know outweighs the interests of the appellant in this case. The very broad abuse of discretion standard prohibits this court from substituting its judgment for that of the lower court. We cannot say the lower court abused its discretion in denying the motion to seal the record of the convictions.
MICHAEL J. CORRIGAN, P.J., CONCURS. ANNE L. KILBANE, J., DISSENTS(WITH SEPARATE DISSENTING OPINION).