{¶ 20} On this appeal from an order of Judge Daniel Gaul that denied the motion to seal the record of a conviction, I respectfully dissent because the judge's failure to explain the basis for his decision prevents any meaningful appellate review. I would remand this case so the judge could articulate his reasons for the determination.
 {¶ 21} In March 1996, Krutowsky moved for the expungement of his third degree misdemeanor conviction, but no hearing was scheduled until August 2001, and the judge did not rule on the application until July 2002. The primary victim told the prosecutor he had mixed emotions about Krutowsky's application, but took no position as to whether the record should be sealed. The State did not object to the request, persons of standing vouched for Krutowsky's character and rehabilitation, and he testified to remorse and a firm purpose of amendment. Despite this evidence and the fact that no one objected to the expungement or presented evidence in favor of denying the request, the judge denied the application without any explanation in an order filed eleven months after the hearing was held and over six years after Krutowsky filed the request.
 {¶ 22} R.C. 2953.32(C) requires that in ruling on the application for sealing the record:
 {¶ 23} "(C)(1) The court shall do each of the following:
 {¶ 24} "(a) Determine whether the applicant is a first offender * * *;
 {¶ 25} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 26} "(c) * * * determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 27} "(d) if the prosecutor has filed an objection in accordance with division (B) of this section consider the reasons against granting the application specified by the prosecutor in objection;
 {¶ 28} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.
 {¶ 29} "(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the [applicant's] rehabilitation * * * has been attained to the satisfaction of the court, the court * * * shall order all official records pertaining to the case sealed * * *."
 {¶ 30} While a judge has discretion in making these determinations, that discretion is not absolute; both the applicant and the State have the right to appeal the grant or denial of expungement,[1]
and this court has authority to provide relief upon finding an abuse of discretion.[2]
 {¶ 31} In order to review a judge's order for abuse of discretion, we must be able to ascertain the reasons motivating the exercise of discretion.[3] While we may be able to review some unexplained discretionary rulings from the evidence in the record, we should not do so unless the record plainly shows the reasons for the ruling.[4] Even where the record might support a judge's conclusion, the order might still be an abuse of discretion if the judge relied on improper factors or mistaken beliefs in making it.[5] Such cases require reversal or remand for the proper exercise of discretion.[6]
 {¶ 32} While the majority easily could find from the record that Krutowsky regretted his offense, had mended his ways, and had a substantial personal interest in having it put behind him,[7] it labored to create a basis to affirm, stating that the victim's supposed "collateral consequences * * * could be a valid factor in the court's decision[,]" and that Krutowsky's current position "poses a potential
risk to the public." (Emphasis added.) This reach to affirm clashes with the standard of review because relief under R.C. 2953.32 "is to be liberally granted, and it is an abuse of discretion not to do so."[8]
Despite the fact that the majority is forced to speculate on the judge's reasoning, it finds that he did not abuse his discretion even though the record is insufficient to allow any review of that discretion's exercise. Moreover, the inordinate delay between the hearing and the order in this case suggests the opposite of an informed exercise of discretion; without an indication of the judge's reasoning, one could just as easily conclude that he denied the application without any meaningful recollection of the facts.
 {¶ 33} Contrary to the majority's opinion, there is no need for a statute or rule requiring the judge to set forth his reasoning when making a particular order.[9] Moreover, explanations are most frequently required where, as here, the judge is called upon to make a decision after weighing the evidence and balancing a number of factors.[10] These cases show that appellate courts have the authority to require judges to state reasons for their decisions, and that requiring statements by statute or rule in some cases does not prohibit requiring them in others. The focus of the inquiry should not be the lack of an express statutory requirement, but whether the statement is necessary to allow meaningful review.[11] Furthermore, such cases do not require a request under Civ.R. 52, but hold that a party is entitled to a statement of the basis of the decision as a matter of course.[12] Such a rule should be applicable here as well because the grant or denial of expungement can rarely, if ever, be reviewed without some explanation of the reasons for the judge's decision.
 {¶ 34} Nor should the "presumption of regularity that adheres to all judicial proceedings"[13] be employed for the purpose sought by the majority, because that presumption refers to the satisfaction of procedural requirements that are not otherwise shown to be lacking,[14]
or to decisions on matters in which the appellant is held responsible for the lack of a record because either (1) the appellant bore a high burden of proof and can be faulted for failing to present sufficient evidence;[15] or (2) the appellant had the duty to ensure that evidence was placed in the record and failed to do so.[16]
Krutowsky placed sufficient evidence in the record to sustain his application, and that evidence was thus entitled to fair consideration. By requiring the record to contain evidence rebutting an unexplained denial, the majority has effectively raised Krutowsky's burden of proof beyond the liberal standard stated in Hilbert, and he is now required to present incontrovertible evidence of his entitlement in order to show an abuse of discretion.
 {¶ 35} Where appellate review is provided, litigants are constitutionally entitled to procedures that will render that review meaningful rather than illusory.[17] The judge, therefore, does not have absolute discretion in determining whether to grant the application, and a reviewing court must evaluate that decision by reviewing the testimony and comparing it with the judge's findings.[18]
Where the basis for the judge's decision is not readily apparent, it is impossible for a reviewing court to assess the exercise of discretion, and affirming orders in such cases effectively grants the judge absolute discretion and renders our review illusory in violation of procedural due process rights.[19]
 {¶ 36} I would remand with instructions to the judge to state the basis for his decision.
[1] State v. Bissantz (1988), 30 Ohio St.3d 120, 121, 30 OBR 434,507 N.E.2d 1117.
[2] State v. Hilbert (2001), 145 Ohio App.3d 824, 827,764 N.E.2d 1064.
[3] Antal v. Olde World Prods., Inc. (1984), 9 Ohio St.3d 144,146, 9 OBR 392, 459 N.E.2d 223.
[4] Richards v. Santini-Diaz (Aug. 3, 2000), Cuyahoga App. No. 75806; Hoffman v. Hoffman, 1999-Ohio-797, Union App. No. 14-98-56.
[5] State v. Greene (1991), 61 Ohio St.3d 137, 140, 573 N.E.2d 110.
[6] Id.
[7] Hilbert, 145 Ohio App.3d at 828.
[8] Id.
[9] See, e.g., Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97,518 N.E.2d 1197 (judge must state basis for spousal support under R.C.3105.18); Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143,146, 569 N.E.2d 464 (award of attorney fees under R.C. 1345.09); Statev. Krivanek, 2002-Ohio-3963, Lake App. No. 2001-L-030, at ¶ 27 n. 2 (sexual predator proceedings).
[10] Kaechele; Bittner; Krivanek.
[11] Antal, supra.
[12] Hoffman, supra; Edgell v. Edgell (Mar. 3, 1993), Clark App. No. 2945.
[13] Coleman v. McGettrick (1965), 2 Ohio St.2d 177, 180, 31 O.O.2d 326, 207 N.E.2d 552.
[14] State v. Hawkins, 74 Ohio St.3d 530, 531, 1996-Ohio-24,660 N.E.2d 454.
[15] See, e.g., Coleman, supra (defendant has no right to bail on appeal, and denial will be reversed only upon "patent" abuse of discretion).
[16] Hartt v. Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177,615 N.E.2d 617.
[17] Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 84-85,523 N.E.2d 851.
[18] In Re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
[19] Atkinson, supra.