[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Small v. Hooks,* Slip Opinion No. 2017-Ohio-8724.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8724

SMALL *v.* HOOKS, WARDEN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Small v. Hooks,* Slip Opinion No. 2017-Ohio-8724.]

*Habeas corpus—Petitioner seeking release on bond pending appeal—Petitioner has burden of showing abuse of discretion in denial of bond—Burden not met by bald assertions that appeal will likely result in reversal of his conviction—Writ denied.*

(No. 2017-0787—Submitted August 29, 2017—Decided November 30, 2017.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Mykel Small filed a petition for a writ of habeas corpus in this court seeking an order releasing him on bond and suspending execution of his sentence pending appeal. For the reasons below, we deny his petition.

{¶ 2} Small is incarcerated at the Ross Correctional Institution as a result of his conviction for aggravated possession of drugs. His appeal to the Court of

Appeals for Franklin County seeks the reversal of his conviction based on ineffective assistance of counsel.

{¶ 3} The trial court summarily denied Small's motion for bail pending appeal. He filed a similar motion in the court of appeals for release on bond and for suspension of his sentence pending appeal. The court of appeals denied the motion.

{¶ 4} A writ of habeas corpus is available to remedy the erroneous denial of bond after a defendant has been convicted. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 594, 635 N.E.2d 26 (1994). However, "the burden of proof is on the petitioner to establish his right to release." *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001). Because a defendant does not have a right to bond after conviction, "the decision of a court denying bail should be disturbed only if there is a 'patent abuse of discretion.' " *Jurek v. McFaul*, 39 Ohio St.3d 42, 43, 528 N.E.2d 1260 (1988), quoting *Coleman v. McGettrick*, 2 Ohio St.2d 177, 207 N.E.2d 552 (1965).

{¶ 5} Small has not demonstrated that the court of appeals patently abused its discretion in denying his request for bond. He contends that there is a "high likelihood" that he will prevail on appeal, but we cannot "determine the strength of [the] case on appeal" based on his allegations alone. *Christopher v. McFaul*, 18 Ohio St.3d 233, 234, 480 N.E.2d 484 (1985) (petitioner's "bald assertions" that appeal will likely result in reversal do not demonstrate that trial court abused its discretion in denying bail). He also argues that he is not a flight risk, because he is a lifelong Columbus resident with family still in the area. He further claims that because he has already served five years of his prison sentence, he "has no means to flee" and "[f]leeing would not make sense." But we have previously observed that "the danger of flight is inherently greater after a conviction than before a guilty verdict." *Christopher* at 234.

{¶ 6} Small has not shown that the court of appeals abused its discretion when it denied his motion for bond pending appeal. Therefore, we deny his petition for a writ of habeas corpus and deny as moot his motion for an expedited ruling.

Writ denied.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Mykel Small, pro se.

_____