[Cite as *State v. Sistrunk*, 2020-Ohio-1412.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -v- | : | |
| | : | |
| RONALD R. SISTRUNK | : | Case No. 2020CA00002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 1996-CR-0616


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     April 10, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRORO                       RONALD R. SISTRUNK, PRO SE
PROSECUTING ATTORNEY           Inst. No. 470-747
STARK COUNTY, OHIO                  2500 South Belden Road
                                                    Grafton, OH 44044

BY:   RONALD MARK CALDWELL
         110 Central Plaza S. Suite 510
         Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Ronald R. Sistrunk appeals the December 11, 2019 judgment entry denying his motion to vacate the revocation of his probation and for re-sentencing. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 3, 1996, Sistrunk pled guilty to one count of aggravated burglary, an offense he committed before the effective date of Senate Bill 2. Following a presentence investigation, the trial court sentenced Sistrunk to an indeterminate sentence of 5 to 25 years. Sistruck did not appeal.

{¶ 3} A year later, Sistrunk was granted judicial release and placed on probation for a period of five years. The November 3, 1997 judgment entry placing Sistrunk on judicial release outlined eleven standard terms and conditions of probation and four special conditions.

{¶ 4} On February 25, 1998, Sistrunk's probation officer issued a warrant for Sistrunk's arrest. Sistrunk absconded, and had an active warrant for his arrest for burglary issued by the Stark County Sheriff's Department.

{¶ 5} On July 27, 1998, Sistrunk's probation officer filed a motion to revoke SIstrunk's probation. The motion set forth seven specific violations.

{¶ 6} On August 10, 1998, Sistrunk waived the probable cause portion of his revocation hearing and stipulated to the revocation of his community control sanctions. The trial court subsequently revoked Sistrunk's community control and reimposed his indeterminate 5-to-25 year sentence. Sistrunk did not appeal.

{¶ 7}   Twenty-one years later, on December 9, 2019, Sistrunk filed a "Motion to Vacate Revocation of Probation, Incorporating Motion for Resentencing." Sistrunk argued his sentence should be vacated because he was never advised of his right to appeal during his original 1996 sentencing hearing, was never given a detailed notice of his probation violations or a formal hearing on the alleged violations, and was never advised of the terms and conditions of his probation. On December 11, 2019, the trial court overruled the motion. It is from this judgment entry Sistrunk appeals. He raises two assignments of error:

I

{¶ 8}   "THE TRIAL COURT ERRED IN NOT ADVISING APPELLANT OF HIS SENTENCE AND HIS RIGHT TO COUNSEL ON APPEAL."

II

{¶ 9}   "THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION WITHOUT A FORMAL HEARING."

{¶ 10} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 11} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.

*Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 12} This appeal shall be considered in accordance with the aforementioned rules.

### Initial Matters

{¶ 13} First, as pointed out by the state, Sistrunk's pro se brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Sistrunk's brief fails in almost every respect to comply with the requirements governing the content of the brief of the Appellant. App.R.16 (A)(1)-(7). Briefs filed in this court, whether by counsel or pro se, must comply with App.R. 16.

{¶ 14} While Sistrunk sets forth two assignments of error, his brief lacks an argument section as required by App.R 16(A) to specifically address his two stated assignments of error. It further fails to comply with the local rules and additional appellate rules in other regards as well.

{¶ 15} Compliance with the appellate rules is mandatory. Sistrunk's failure to comply with App.R. 16 is tantamount to failing to file a brief in this matter. Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Riley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this court to dismiss Sistrunk's appeal. Notwithstanding the omissions in appellant's brief, however, in the interests of justice and finality, we elect to review what we believe are the issues raised in appellant's appeal.

I

{¶ 16} Sistruck first appears to argue that the trial court erred by failing to advise him of his right to appeal and his right to counsel on appeal during his September 3, 1996 sentencing hearing. We disagree.

{¶ 17} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996-Ohio-337, 671 N.E.2d 233; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Not only does res judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. *Szefcyk*, supra.

{¶ 18} While it is not lost on us that Sistrunk argues he was never informed of his right to appeal in the first place, that does not change the fact that the matter is barred. A defendant may not sit idly by and wait twenty-one years to discover his rights.

{¶ 19} Even if Sistrunk's appeal was not barred, Sistrunk states he takes his appeal via R.C. 2953.08(A)(4). That section provides:

> (A)      In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
>
> * * *

(4) The sentence is contrary to law.

{¶ 20} As noted by the state, R.C. 2953.08(A) was adopted as part of Senate Bill 2. Sistrunk committed his aggravated burglary offense before Senate Bill 2's July 1, 1996 effective date. In *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634, 1998-Ohio-423, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052, 143 L.Ed.2d 58, the Ohio Supreme Court unequivocally held that the "amended sentencing provisions of [Senate Bill 2] apply only to those crimes committed on or after July 1, 1996." *Id.* at paragraph two of the syllabus. See, also, *State v. Warren*, 118 Ohio St.3d 200, 887 N.E.2d 1145, 2008-Ohio-2011 (extensive revisions to criminal statutes that were enacted in Senate Bill 2, effective July 1, 1996, apply only to crimes committed on or after July 1, 1996; even though Warren was indicted in 2004, the case was governed by the law in effect in 1988 as the crimes were committed in 1988). The remedy set forth in R.C. 2953.08(A)(4) is therefore not applicable in Sistrunk's case.

{¶ 21} Further, even if none of the forgoing were true, while Sistrunk argues he was not informed of his appellate rights during his sentencing hearing, he has failed to provide this court with a transcript of that hearing. It is well-settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings. *In re Craig*, 5th Dist. Tuscarawas No. 2008 AP 05 0030, 2008-Ohio-4251, ¶ 9, citing *Knapp v. Edwards* Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The Appellate Rules require an appellant's brief to support the arguments therein "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).

{¶ 22} For the forgoing reasons, Sistrunk's first assignment of error is overruled.

II

{¶ 23} Sistrunk next appears to argue he was denied due process when his probation was revoked because he was never advised of the terms and conditions of his probation, and further, because the trial court revoked his probation without providing him a hearing and written notice of the violations.

{¶ 24} As we found above, Sistrunk's second assignment of error is also barred by res judicata. Sistrunk could have raised this issue in a direct appeal from the revocation of his probation, but failed to do so. The matter is therefore barred in his present appeal.

{¶ 25} Even if the matter were not barred however, according to the record, Sistrunk's November 3, 1997 judgment entry, granting his judicial release and placing him on probation clearly outlines outlined eleven standard conditions of probation and four special conditions. The record additionally reflects that on July 27, 1998, Sistrunk's probation officer filed a Motion to Revoke Probation or Modify Former Order which outlined eight probation violations committed by Sistrunk. Finally, the record shows Sistrunk waived an evidentiary hearing.

{¶ 26} Sistrunk's second assignment of error is overruled.

{¶ 27} The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw