[Cite as *State v. Sistrunk*, 2020-Ohio-4795.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2020CA00076 |
| RONALD RAY SISTRUNK | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:          Appeal from the Stark County Court of
                                                            Common Pleas, Case No. 1996-CR-0616

JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:          October 5, 2020

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JOHN D. FERRERO                               RONALD RAY SISTRUNK, pro se
Prosecuting Attorney,                           Inmate No. A470-747
Stark County, Ohio                               Grafton Re-Integration Center
                                                            2500 S. Avon Belden Road
RONALD MARK CALDWELL               Grafton, Ohio  44044
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Ronald Ray Sistrunk appeals the March 20, 2020 Judgment Entry entered by the Stark County Court of Common Pleas, which overruled his motion to vacate void sentence.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2}   On June 26, 1996, the Stark County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C. 2911.11(A).  Appellant appeared before the trial court on September 3, 1996, and entered a plea of guilty to the Indictment.  The trial court accepted Appellant's plea, deferred sentencing, and ordered a presentence investigation be completed.  Via Judgment Entry filed October 15, 1996, the trial court sentenced Appellant to an indeterminate sentence of 5 to 25 years.  The offense was committed before the effective date of Senate Bill 2; therefore, Senate Bill 2 sentencing provisions were not applicable to Appellant.  Appellant did not appeal.

{¶3}   One year later, Appellant was granted judicial release and placed on probation for a period of five years.  In its November 3, 1997 judgment entry placing Appellant on judicial release, the trial court outlined eleven standard terms and conditions of probation as well as four additional terms and conditions which were labeled "special conditions."  Pursuant to the special conditions, Appellant was required to comply with the Intensive Supervision Probation Program for one year, obtain verifiable full-time employment, pay restitution, and complete 200 hours of community service.

{¶4}   On February 25, 1998, Appellant's probation officer issued a warrant for his arrest, after Appellant violated the terms of house arrest and his whereabouts were unknown.  In addition, there was an active warrant for burglary issued by the Stark County Sheriff.  On July 27, 1998, Appellant's probation officer filed a motion to revoke his

probation, which set forth seven violations. Specifically, Appellant had been arrested on a new burglary charge; had been arrested by the Cleveland Police Department for petty theft and no operator's license on June 12, 1998; had absconded from supervision in February, 1998, and remained at large until his June 12, 1998 arrest, and his probation officer did not know of a new address during that time; had tested positive for cocaine on November 7, and December 10, 1997, and admitted using cocaine on January 29, and February 12, 1998; had violated his electronically monitored house arrest on numerous occasions; and failed to obtain and maintain verifiable employment.

{¶5} On August 10, 1998, the trial court conducted a disposition hearing on the motion to revoke. Appellant waived the probable cause portion of the revocation hearing and stipulated to the revocation of his community control sanctions. Via entry filed August 14, 1998, the trial court revoked Appellant's community control and reimposed his indeterminate 5-to-25 year sentence. Appellant did not appeal the revocation of probation or the reimposition of the original sentence.

{¶6} Twenty-one years later, on December 9, 2019, Appellant filed a "Motion to Vacate Revocation of Probation, Incorporating Motion for Resentencing." Appellant argued his sentence should be vacated and he should be resentenced because: 1) he was never advised of his right to appeal and to appellate counsel when he was originally sentenced in 1996; 2) his community control was revoked in 1998, without a formal hearing; 3) he was not given a written and detailed notice of his probation violations; and 4) he was never advised of the terms and conditions of his probation. Via Judgment Entry filed December 11, 2019, the trial court denied the motion. Appellant appealed to this

Court, which affirmed the trial court's decision.  *State v. Sistrunk*, 5th Dist. Stark App. No. 2020-CA-00002, 2020-Ohio-1412.

**{¶7}** On March 19, 2020, while the appeal from the trial court's December 11, 2019 judgment entry was pending, Appellant filed a motion to vacate void sentence. Therein, Appellant asserted the trial court erred in reimposing the indeterminate 5-to-25 year sentence, but instead should have imposed a sentence consistent with Senate Bill 2's sentencing parameters.  The trial court denied Appellant's motion via Judgment Entry filed March 20, 2020.

**{¶8}** It is from this judgment entry appeals, raising the following assignments of error:

I. TRIAL COURT ERRED BY RE-IMPOSING A SENTENCE THAT IS CONTRARY TO LAW.

II. TRIAL COURT ERRED WHEN DENYING APPELLANT'S MOTION TO VACATE HIS VOID SENTENCE THAT IS CONTRARY TO LAW.

I

**{¶9}** In his first assignment of error, Appellant submits the trial court erred in reimposing his original sentence in 1998, after his probation was revoked, as such sentence was contrary to law. Appellant contends the trial court should have sentenced him pursuant to Senate Bill 2, which was in effect at the time his probation was revoked.

**{¶10}** It is well established a trial court "has no authority to reconsider its own valid final judgments in criminal cases." *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, paragraph three of the syllabus (1986). Appellant's March 19, 2020 motion to vacate void sentence was the functional equivalent of a motion for reconsideration of the August 14, 1998 entry. A motion for reconsideration of a final judgment in the trial court is a nullity and a purported judgment ruling on a motion for reconsideration is likewise a nullity. *State v. Arega*, 10th Dist. Franklin No. 17AP-112, 2017-Ohio-5610, ¶¶ 10-14*, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981).

**{¶11}** The trial court's August 14, 1998 entry, revoking his probation and reimposing his sentence, was a final judgment. Given Appellant's March 19, 2020 motion asked the trial court to reconsider the sentence it previously imposed upon him, the motion was a nullity. The trial court lacked jurisdiction to reconsider this its own valid final judgment; therefore, the trial court's ruling on the motion was, likewise, a nullity and not subject to appeal. The trial court's March 20, 2020 judgment entry denying Appellant's motion to vacate is not an appeal from a final appealable order.

**{¶12}** Because this part of the order appealed from is not a final appealable order, we will not review Appellant's first assignment of error.

II

**{¶13}** In his second assignment of error, Appellant asserts the trial court erred in denying his motion to vacate his void sentence as the sentence was contrary to law. Again, Appellant contends the trial court should have sentenced him pursuant to Senate Bill 2, which was in effect at the time his probation was revoked. We disagree.

{¶14} In *State v. Rush*, 83 Ohio St.3d 53, 1998-Ohio-423, the Ohio Supreme Court made clear the sentencing provisions of Senate Bill 2 only applied to crimes committed on or after July 1, 1996, the effective date of S.B. 2, and are not to be applied retroactively. *Id.* at para. 2 of syllabus. Appellant committed the offense for which he was convicted two years prior to the effective date of Senate Bill 2.

{¶15} Based upon the foregoing, Appellant's second assignment of error is overruled.

{¶16} The judgment of the Stark County Court of Common Please is affirmed.

By: Hoffman, P.J.
Wise, John, J. and
Baldwin, J. concur