[Cite as *State v. Howard*, 2022-Ohio-3992.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAA 040031 |
| TIFFANY R. HOWARD | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Case No. 16 CR I 03 0134 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 7, 2022 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MELISSA A. SCHIFFEL<br>Delaware County Prosecutor | GREGORY N. FINNERTY<br>Finnerty Law Firm<br>P.O. Box 3801 |
| LAURA K. KENT<br>Assistant Prosecuting Attorney<br>145 North Union Street – 3rd Floor<br>Delaware, Ohio 43015 | Dublin, Ohio 43016 |

*Hoffman, J.*

**{¶1}** Defendant-appellant Tiffany R. Howard appeals the judgment entered by the Delaware County Court of Common Pleas denying her application to seal her record of conviction. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** In 2016, Appellant was in the process of helping a friend rehabilitate a residence which Appellant's friend had recently acquired. Appellant stayed at the home on several occasions, and kept some personal belongings there. Appellant received a phone call reporting her friend was dating Appellant's ex-boyfriend, and he was spending the night in the home with her friend.

**{¶3}** Appellant went to the residence to confront her friend and her ex-boyfriend. When Appellant walked in the door, her friend told her to leave. Appellant refused to leave. A confrontation ensued, during which Appellant's friend fell awkwardly, seriously injuring her leg.

**{¶4}** Appellant was charged with trespass in a habitation and assault. She pled guilty to the charges and was sentenced to three years of community control, fined $500.00, ordered to perform community service, pay costs and fees, and remain employed. She completed the requirements of her sentence and was granted early termination of community control in 2018. The Crime Victim Reparation Fund (hereinafter "the Fund") paid medical expenses of the victim of Appellant's offenses in the amount of approximately $40,000.00.

**{¶5}** On September 17, 2021, Appellant applied to seal her conviction, citing her accelerated completion of her community control requirements and intense counseling. She also cited her exemplary academic record and contended if her record is not sealed,

she may be prevented from obtaining a dental hygienist license. She explained she enrolled in a dental hygienist program in 2018, and was scheduled to graduate in 2022.

{¶6} The State opposed the application, claiming the victim continues to suffer from the injury and is still receiving therapy. The State cited Marsy's Law, arguing sealing the record at this juncture would not be equitable. Appellant questioned the extent and cause of the victim's medical treatment, and the trial court was not satisfied with the parties' explanation of the injuries at the initial hearing on the application. The trial court continued the hearing, and instructed the parties to substantiate their positions regarding the nature and cause of the victim's injuries and ongoing rehabilitation.

{¶7} At the February hearing neither party presented additional information regarding the victim's injuries, but Appellant presented a letter from the victim, in which the victim forgave Appellant and recommended the trial court permit sealing of the record.

{¶8} The State indicated the victim's mother supplied a large number of documents and discussed the impact of the injury on her daughter and family. The victim's mother initially opposed sealing the record, but shortly before the February hearing she withdrew her opposition. The State continued to oppose sealing the record, claiming it would not be fair to seal the record. The trial court took the matter under advisement and invited the parties to file post-hearing statements.

{¶9} The State filed a post-hearing memorandum in which it represented the Fund paid over $39,000.00 as a result of the injury, and sealing the record would bar the Fund from recovering from Appellant. Appellant noted in her response memorandum she made arrangements to repay the debt at a rate of $100.00 per month, with the amount of the monthly payment subject to increase based upon her salary.

{¶10} The trial court reviewed the requirements of R.C. 2953.32(C)(1) and found Appellant was an eligible offender, there were no criminal proceedings against her, and she had been rehabilitated to the satisfaction of the trial court. The trial court noted any requirement of Marsy's Law was satisfied when the victim and her mother expressed their wishes supporting Appellant's request. The trial court concluded there was no public safety reason to deny the request.

{¶11} The trial court then considered Appellant's interest in having the record sealed balanced with the State's interest in maintaining the record and found in favor of the State. Although Appellant was concerned with the possibility she would not be licensed as a dental hygienist if the record was not sealed, the trial court found she had presented no evidence the denial of her license was a certainty.

{¶12} The trial court then considered the State's interest in recovery by the Fund, and found Appellant's promise to pay did not provide sufficient security for the debt. The trial court concluded "the State's legitimate need in preserving its ability to recoup $39,000.00 to the Fund from Howard outweighs Howard's interest in sealing of her record." Judgment Entry Denying Defendant's Application for Sealing Conviction Mar. 18, 2022, p. 9. The trial court noted in its judgment a more formalized repayment agreement, such as a cognovit note, might satisfy the State's concern regarding protecting the Fund's right to repayment from Appellant.

{¶13} On March 22, 2022, Appellant executed a promissory note she received from the Attorney General's Office to secure repayment to the Fund. Appellant moved for reconsideration of the trial court's denial of her application based on her execution of the promissory note. The motion was denied on April 14, 2022.

**{¶14}** It is from the March 18, 2022 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S APPLICATION FOR EXPUNGEMENT WHEN IT INVOKED A STANDARD AND BASIS FOR DENYING HER PETITION NOT SET FORTH IN OHIO LAW.

**{¶15}** Appellant argues the trial court erred in denying her petition based solely on protecting the State's right to seek repayment of money paid the victim from the Crime Victims Reparation Fund, a factor not set forth in Ohio law.

**{¶16}** R.C. 2953.32(C)(1) sets forth the factors to be considered by the trial court upon the filing of an application to seal a criminal record:

(C)(1) The court shall do each of the following:

(a)   Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same

time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;

(f) If the applicant is an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (C)(4), (G), (H), or (I) of this section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed and, except as provided in division (F) of this section, all index references to the case that pertain to the conviction or bail forfeiture deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case that pertain to the conviction or bail forfeiture shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be

considered by the court in determining the sentence or other appropriate

disposition, including the relief provided for in sections 2953.31 to 2953.33

of the Revised Code.

**{¶17}** The trial court must weigh the interest of the public's need to know against

the individual's interest in having the record sealed, and must liberally construe the statute

so as to promote the legislative purpose of allowing expungements. *State v. Hilbert,* 145

Ohio App.3d 824, 827, 764 N.E.2d 1064, 1066 (8th Dist. 2001). "Depending on the

dispute in question, this Court will apply either a de novo standard of review or an abuse

of discretion standard of review in appeals from the denial of an application to seal a

record of conviction." *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-

2807, ¶ 6. "If the matter in dispute concerns the court's discretion, such as its conclusion

that the evidence does not weigh in favor of expungement, then an abuse of discretion

standard applies." *Id.* When a case turns upon the interpretation of the sealing statutes,

however, this Court employs a de novo standard of review. *Stow v. S.B.*, 9th Dist. Summit

No. 27429, 2015-Ohio-4473, ¶ 6.

**{¶18}** The trial court's decision hinged solely on its balancing of the interest of the

State in recovery of the money paid to the victim from the Fund against the interest of

Appellant sealing her record in order to obtain her license to work as a dental hygienist.

We therefore find in the instant case, the abuse of discretion standard applies, as the

case does not turn upon the trial court's interpretation of the sealing statute.

**{¶19}** We find the trial court abused its discretion in concluding the State's interest

in recouping payment from Appellant to the Fund outweighed her interest in having the

record sealed. We note at the outset the State initially opposed sealing the record based solely on Marsy's Law. The State's objection was satisfied when the victim recommended Appellant's application be granted, and the victim's mother withdrew her objection to sealing Appellant's record.

{¶20} The State then shifted gears to assert a new basis for its objection; namely, sealing the record would negatively impact the ability of the Fund to recover from Appellant. The trial court found Appellant's action in entering into a repayment plan with the Fund was insufficient security for the debt, and the State would lose the right to recover the balance of over $39,000 if the record was sealed. The trial court found the State's need to recover from Appellant outweighed Appellant's interest in sealing the record. The trial court did so despite its finding Appellant was an eligible offender, no criminal proceedings were pending against her, she had no prior criminal history, Marsy's law was satisfied, there was no public safety reason to deny the request, and Appellant had been rehabilitated to the satisfaction of the trial court.

{¶21} Apparently, between the second hearing on February 18, 2022, and the issuance of the trial court's judgment on March 18, 2022, Appellant contacted the Ohio Attorney General's Collection Enforcement Section. It determined Appellant could execute a promissory note to protect the Fund. The State acknowledges Appellant did contact the Fund about a repayment plan, but did so only after learning it might stand in the way of her motion to seal. Appellee's brief at p. 5. However, Appellant did so in response to the State's newly asserted ground for objection to her petition. Although not known by the trial court prior to its judgment, Appellant executed a promissory note she received from the Attorney General's Office on March 22, 2022. Appellant submitted this

information to the trial court in her Motion for Reconsideration filed March 31, 2022. The trial court denied that motion on April 14, 2022. It would seem such action by Appellant should satisfy the trial court's concern over securing the State's interesting in recoupment by the Fund. In its March 18, 2022 judgment, the trial court had suggested a more formalized agreement, i.e. a cognovit note, might satisfy the State's concern. We find Appellant's subsequent execution of the promissory note is sufficient to satisfy the State's concern pursuant to the direction of the Ohio Attorney General's Office.

**{¶22}** We find Appellant's pursuit of a dental hygienist degree (a straight A student) and the potential of denial of her licensure because of her criminal record demonstrated a legitimate reason to seek sealing of her record.[1] In fact, it seems counterproductive to the State's interest of recoupment for the Fund if Appellant's ability to earn money as a dental hygienist is jeopardized because of denial of her application to seal her record.

**{¶23}** Construing the statute liberally to accomplish the purposes for which it was intended, we find the trial court abused its discretion in denying Appellant's application to seal her record. Every factor set forth in R.C. 2953.52(C) weighed in favor of sealing the record, and Appellant satisfied the State's concern about the Fund's ability to seek recoupment by her execution of a promissory note with the Attorney General's Office.

**{¶24}** The assignment of error is sustained.

---

[1] The trial court's statement Appellant's licensure was still possible, "perhaps even probable," without sealing, is speculative.

**{¶25}** The judgment of the Delaware County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law, and with instructions to grant Appellant's application to seal.


By: Hoffman, J.

Wise, Earle, P.J. concurs

Baldwin, J. dissents

*Baldwin, J., dissenting*

{¶26} I respectfully dissent from the majority's opinion in this matter and, instead, I would find that the trial court did not abuse its discretion by denying Howard's application for sealing her record in its judgment entry of March 18, 2022.

{¶27} In response to the application and the State's opposition, the trial court completed a thorough analysis of the facts and found that Howard was an eligible offender, that there were no criminal proceedings against Howard, that Howard had been rehabilitated to the satisfaction of the court and that the State's concern for the victim did not serve as a basis to deny the application. The trial court then addressed the last remaining element of R.C. 2953.32(C)(1), "[t]he interests of the applicant in having the records of the conviction sealed, weighed against the legitimate needs, if any, of the government to maintain those records."

{¶28} Howard was concerned that the conviction would interfere with her ability to sit for an exam to become a dental hygienist, but provided no evidence that her criminal record would serve as a barrier. The trial court concluded that she could demonstrate good moral character as required by Ohio Adm. Code 4715-9-03(A)(2), (B)(2), despite the conviction based upon the evidence presented at this hearing. The trial court balanced Howard's interest with the interest of the State in collecting almost $40,000.00 paid by the Ohio Crime Victims Reparation Fund to the victim of Howard's crime. Howard represented that she had agreed to make modest payments of $100.00 per month, but the trial court found that provided insufficient security and suggested that if a cognovit note had been executed that may have provided sufficient security. The trial court concluded that "the

State's legitimate need in preserving its ability to recoup $39,000.00 to the Fund from Howard outweighs Howard's interest in sealing of her record" and denied the application.

**{¶29}** I disagree with the majority's conclusion that the trial court's analysis was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The trial court carefully analyzed the facts and reached a rational decision. While this court may have made a different decision, "[a]bsent an abuse of discretion, * * * we cannot substitute our judgment for that of the trier of fact." *Morris v. Morris*, 5th Dist. Tuscarawas No. 93AP040021, 1993 WL 500509, *3.

**{¶30}** Four days after the denial of her application, Howard filed a motion to reconsider and attached to it a document captioned Promissory Note and Repayment Schedule containing language obligating her to pay $100.00 per month to the Crime Victim's Reparation Fund. I would find that we could not consider that motion or the attached document because "[a] motion for reconsideration of a final judgment in the trial court is a nullity and a purported judgment ruling on a motion for reconsideration is likewise a nullity." *State v. Arega*, 10th Dist. Franklin No. 17AP-112, 2017-Ohio-5610, ¶¶ 10-14, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). *State v. Sistrunk*, 5th Dist. Stark No. 2020CA00076, 2020-Ohio-4795, ¶ 10.

**{¶31}** Even if the promissory note is considered, it frustrates Howard's goal as it states that:

I, HOWARD, TIFFANY, recognize and agree that I owe the State of Ohio

Crime Victims Services the sum of $39,116.05 pursuant to its subrogation

rights contained in the Ohio Revised Code 2743.72. I further agree that due

to my conviction, the State of Ohio granted [J.R] the sum of $39,116.05 for unreimbursed economic loss incurred.

**{¶32}** Howard's effort to erase any record of her conviction has led to the creation of a document that preserves the record of her crime and the extent of the damage that she has caused.

**{¶33}** For the forgoing reasons, I would find that the trial court did not abuse its discretion and therefore I respectfully dissent.

_____