[Cite as *State v. Myrick*, 2025-Ohio-694.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Robert G. Montgomery, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| SHAKOTA CHEYNNE MYRICK | Case No. 2024CA00095 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Massillon Municipal
Court, Case No. 2022-CRB-02415

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     February 27, 2025

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JUSTIN W. RICHARD                 JOSHUA L. HINKEL
City of Massillon Law Director        Community Legal Aid
2 James Duncan Plaza                401 Market Avenue, N., Suite 103
Massillon, Ohio 44646              Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Shakota Myrick appeals the May 30, 2024 Entry and Order entered by the Massillon Municipal Court, which denied her application to expunge or, in the alternative, seal a record pursuant to R.C. 2953.32. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On November 3, 2022, a complaint was filed in the Massillon Municipal Court, charging Appellant with theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Appellant was arrested on November 10, 2022, and released on her own recognizance.

**{¶3}** Appellant appeared before the trial court on November 23, 2022, and entered a plea of no contest to an amended count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. The trial court sentenced Appellant to 100 days in jail, but suspended the sentence and placed Appellant on probation for five (5) years. In addition, the trial court ordered Appellant to complete forty (40) hours of community service and pay a $100.00 fine plus restitution in the amount of $614.00. Appellant completed her community service hours and paid the full restitution amount.

**{¶4}** On May 16, 2024, Appellant filed an application to expunge or, in the alternative, seal her record pursuant to R.C. 2953.32. Therein, Appellant stated the final discharge occurred on March 16, 2023. Appellant noted, "[f]or the purposes of expungement, it has been at least six months for any minor misdemeanor, one year for

---

[1] A Statement of the Facts underlying Appellant's conviction and sentence is not necessary to our disposition of this appeal.

any misdemeanor, eleven years for any felony of the 4th or 5th degree, or 13 years for any felony of the 3rd degree since the final discharge occurred." Application for Expungement at p. 1. Appellant added, "for purposes of record sealing, it has been at least six months since the final discharge of any minor misdemeanor, one year for any misdemeanor, felony of the 4th or 5th degree, or three years for any felony of the 3rd degree since the final discharge occurred." *Id.*

**{¶5}** Via Entry and Order issued May 30, 2024, the trial court denied Appellant's application without conducting a hearing. The trial court found Appellant "was sentenced on November 23, 2022 and ordered to have no related offenses for 5 years and serve a 5 year probation period. The plea was agreed upon and negotiation." May 30, 2024 Entry and Order.

**{¶6}** It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANT-DEFENDANT SHAKOTA CHEYANNE MYRICK'S REQUEST FOR EXPUNGEMENT OR, IN THE ALTERNATIVE, SEALING A CRIMINAL RECORD BECAUSE THE COURT FAILED TO HOLD A HEARING AS REQUIRED BY R.C. 2953.32(C).

**{¶7}** In her sole assignment of error, Appellant contends the trial court erred in denying her application for expungement or, in the alternative, sealing her criminal record without conducting a hearing pursuant to R.C. 2953.32(C). We agree.

**{¶8}** "Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from the denial of an application to seal a record of conviction." *State v. Howard*, 2022-Ohio-3992, ¶17 (5th Dist.), citing *State v. Calderon*, 2010-Ohio-2807, ¶ 6 (9th Dist.). We review a trial court's decision to seal or expunge a record of conviction under an abuse-of-discretion standard. *State v. J.W.G.*, 2024-Ohio-2071, ¶ 6 (8th Dist.), citing *Bedford v. Bradberry*, 2014-Ohio-2058, ¶ 5 (8th Dist.). However, the question of whether an applicant is eligible for sealing or expungement is a question of law we review de novo. *State v. V.S.*, 2017-Ohio-1565, ¶ 6 (8th Dist.), citing *Bradberry*.

**{¶9}** R.C. 2953.32(C) provides, in pertinent part:

> (C) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application not less than sixty days prior to the hearing. Pursuant to the Ohio Constitution, the prosecutor shall provide timely notice of the application and the date and time of the hearing to a victim and victim's representative, if applicable, if the victim or victim's representative requested notice of the proceedings in the underlying case. The court shall

hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application.

**{¶10}** R.C. 2953.32(C) expressly requires the trial court to set a hearing on a defendant's application for the sealing or expungement of a record, conduct a hearing on the application, and make the determinations enumerated in R.C. 2953.32(D)(1). Only after the trial court acts in accordance with the statute by setting and conducting a hearing on an application, and making the requisite statutory determinations and considerations, may the court render a decision on the application.

**{¶11}** The language of R.C. 2953.32 is clear and unambiguous; therefore, the trial court was required to follow the language of the statute. Accordingly, pursuant to the dictates of R.C. 2953.32, we find the trial court improperly denied Appellant's application "without first setting a hearing and conducting a hearing in concert with the statutory requirements." *State v. W.A.R.*, 2024-Ohio-256, ¶ 23 (8th Dist.).

**{¶12}** Based upon the foregoing, Appellant's sole assignment of error is sustained.

**{¶13}** The judgment of the Massillon Municipal Court is reversed and the matter remanded for the trial court to conduct a hearing on Appellant's application in accordance with R.C. 2953.32.

By: Hoffman, P.J.

Montgomery, J.

Popham J.  concur